IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE HOEY MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:11-cv-926-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #60), entered on June 30, 2014, Petitioner's objections thereto (Doc. #65), filed on August 13, 2014, and the Government's response (Doc. #71), filed on November 24, 2014. The court has conducted an independent evaluation and *de novo* review of the file in this case, and finds as follows:

On April 25, 2014, Morris filed a Motion for Evidentiary Hearing (Doc. #57), and the Magistrate Judge entered an order on the same day (Doc. #58) denying the motion. No objection was filed to that order before the Recommendation was entered over two months later. In the objection filed on August 13, 2014, Morris, through counsel, again requested an evidentiary hearing. In addition to there having been no timely objection to the denial of the Motion for Evidentiary Hearing, the court finds no legal basis to require an evidentiary hearing at this stage. *See, e.g., US v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991). The request is denied.

George Hoey Morris, through counsel, objects to the Recommendation that his

§ 2255 motion be denied.  Although the Objections are filed by counsel, they appear to include some of Morris's own arguments.  (The Magistrate Judge ordered that Morris and his counsel combine all objections to the Recommendation in a single filing (Doc. #64).

 1.  Morris first objects to the Recommendation's inclusion of a quoted recitation of the charges against him, as they were set forth in part of the indictment.  (Objections at pp. 1-5.)  He says these facts were immaterial and irrelevant.  Some of the facts, he says, were not proved by the Government's evidence.  In some instances, he takes exception to the veracity of these facts, insisting his own version is correct.  He wants the recitation of the charges excised from the Recommendation.

 The Recommendation identifies these matters as "The Charges Against Morris" and plainly states that they are the facts alleged in the indictment.  As stated in the Recommendation, a recital of these charges was useful in assessing the claims in Morris's § 2255 motion that followed in the Recommendation.  As noted, these matters were quoted from the indictment.  They clearly were not the Magistrate Judge's findings regarding the evidence presented at trial.  They simply provide help in understanding Morris's § 2255 claims.  Morris's argument for excising them from the Recommendation is not persuasive.

 2.  Morris next objects to the Recommendation's determination that Claims 5, 8, 11, 12, 20, and 22 in his § 2255 motion are procedurally barred from review by this court because they were raised by Morris in a pro se filing with the Eleventh Circuit, discussed by the Eleventh Circuit in its opinion affirming his conviction, and found to be without merit.  (Objections at pp.5-17.)

The court finds that the Recommendation is correct in finding these claims not to be reviewable by this court. The Eleventh Circuit's opinion addressed the claims by Morris's appellate counsel and Morris's pro se claims. Morris is effectively asking this court to review the Eleventh Circuit's rulings on his pro se claims. Furthermore, if this court were to proceed as if Morris's pro se claims were not presented to and ruled on by the Eleventh Circuit, the claims would be subject to another procedural bar – i.e., as claims that could have been, but were not, raised on direct appeal. However, the Recommendation correctly determines these claims could not be relitigated and reviewed in the § 2255 proceeding because they had already been ruled upon by the Eleventh Circuit.

3. Morris next objects to the Recommendation's finding he did not set forth cause for his failure to raise on direct appeal Claims 1-3, 9, 10, 13, 15-19, and 21-23 in his § 2255 motion. (Objections at pp. 17-20.) Morris now asserts that his cause for failure to raise the claims was "prosecutorial misconduct." (Objections at p. 17.) This ground for "cause" was not made clear in Morris's § 2255 motion. Moreover, the alleged "prosecutorial misconduct" was really the underlying premise for each of these claims, and not the alleged "cause" for Morris's failure to raise them on direct appeal. Morris has not attempted to demonstrate how "prosecutorial misconduct" prevented him from raising the claims on direct appeal. The reason they were not raised on direct appeal is that they are (pro se) allegations Morris decided to raise after his appeal. The Recommendation correctly finds that Morris did not attempt to demonstrate cause for his failure to raise these claims on appeal.

The Recommendation does find that Morris attempts to obtain review of these otherwise defaulted claims by alleging his actual innocence. The court finds that the Recommendation correctly addresses the actual innocence issue on pp. 16-19, with which the court agrees.

4. Finally, Morris objects to the Recommendation's finding that his counsel was not ineffective for failing to object to the jury instruction involving Vietnamese law on marriage and for failing to object to the use of an allegedly improper predicate felony for purposes of § 922(g)(1). (Objections at pp. 20-24.) These ineffective assistance claims were fully discussed in the Magistrate Judge's Recommendation, finding that (1) Morris demonstrated no error in the district court's jury instruction regarding when females in Vietnam could legally marry in 1999,[1] and (2) Morris could not demonstrate that he was

---

[1] The Government's Response to Morris's Objections addresses this objection as follows:

> In his objection, Petitioner reiterates his position that his marriage to the minor victim was and is an absolute defense to Counts 1-4 of the Indictment. (Doc. 65 at p. 20) Further, he now argues that as the Appellate Court has already determined counsel's failure to object to the jury instruction to be "invited error," the first prong of *Strickland v. Washington*, 466 U. S. 668 (1984) is met. Petitioner concludes his argument with the conclusory statement that he "would not have been found guilty if the jury knew the truth about the status of Vietnamese Marriage Law." (Doc. 65 at p. 23) presumably, establishing the second prong of Strickland.
>
> Petitioner's objection is clearly premised on the faulty belief that the Appellate Court, in finding "invited error," found that the jury instruction was in error. As the Court is aware, the Appellate Court's opinion on the issue is procedural not substantive. The Appellate Court did not consider the substance of the jury instruction, only that the Petitioner did not object to the jury instruction. In short, the Appellate Court's opinion has no bearing on the question of whether counsel was ineffective.
>
> Counsel was not ineffective because the Vietnamese marriage law utilized by the district court in fashioning the jury instruction was a proper statement of

prejudiced by his trial counsel's failure to raise a claim regarding the predicate felony conviction underlying his § 922(g)(1) conviction.[2]  The court agrees.

For the foregoing reasons, the court finds the objections to be without merit, and they are hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this 28 U.S.C. § 2255 motion is DENIED with prejudice.  Judgment will be entered accordingly.

DONE this 9th day of December, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

> the law. Because the jury instruction was proper, Petitioner's oft reiterated position that he was legally married and therefor unjustly convicted is without merit.  As discussed by the Magistrate Judge, Petitioner's claim fails because counsel cannot be ineffective for failing to argue a meritless issue. (Doc. 60 at pages 26-27)

Doc. No. 70 at 6-7.

[2] Morris's appellate counsel raised this substantive issue regarding the predicate felony on direct appeal, and the Eleventh Circuit denied relief.  After quoting the appellate court's discussion of this issue, the Magistrate Judges's Recommendation finds as follows regarding Morris's ineffective-trial-counsel claim:

> From the appellate court's discussion of this issue, it is evident that no precedent existed on the issue at the time of Morris's trial.  Thus, Morris cannot demonstrate that he would have prevailed if the issue had been directly presented to the district court.  Because there was no precedent upon which Morris's trial counsel could have relied to argue successfully that Morris's 1980 Colorado conviction did not qualify as a predicate felony for purposes of § 922(g)(1), Morris cannot demonstrate that he was prejudiced by his trial counsel's failure to raise this issue. Morris is entitled to no relief based on this claim of ineffective assistance of counsel.

Doc. No. 60 at 29.  The court agrees.